**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN DOUGHERTY<br>1206 Clements Bridge Road, Apt. 103<br>Barrington, NJ 08007<br><br>Plaintiff,<br><br>v.<br><br>AIR CULINAIRE WORLDWIDE, LLC<br>1331 Chester Pike<br>Sharon Hill, PA 19079<br><br>Defendant. | CIVIL NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Stephen Dougherty ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Air Culinaire Worldwide, LLC ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant has violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. C.S.A. § 951, *et seq*., by discriminating against and ultimately terminating Plaintiff because of his age, disability, and in retaliation in connection thereto.

2. Plaintiff brings this action under the ADEA, ADA, and the PHRA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

**PARTIES**

3. Plaintiff Stephen Dougherty is a citizen of the United States and New Jersey, and currently maintains a residence at 1206 Clements Bridge Road, Apt. 103, Barrington, NJ 08007.

4. Defendant Air Culinaire Worldwide, LLC is a for-profit company, that maintains a principal place of business located at 1331 Chester Pike, Sharon Hill, PA 19079.

**JURISDICTION AND VENUE**

5. On or about April 29, 2026, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2021-00638. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated June 24, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

9. This is an action authorized and instituted pursuant to the ADEA and ADA.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

**FACTUAL BACKGROUND**

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began his employment with Defendant in or around April 2019 in the position of General Manager.

15. Throughout the course of Plaintiff's employment with Defendant, Plaintiff performed his job well, received occasional praise for his work performance, and was subjected to no justifiable discipline.

16. In or around August 2024, Plaintiff attended an annual meeting with Defendant in Tampa, Florida.

17. Plaintiff requested a private meeting with Defendant's CFO and Vice President to discuss an increase in salary.

18. At that time, Plaintiff was the lowest paid employee at his level within Defendant.

19. During the meeting, Plaintiff also stated that was going to be sixty-two (62) years old and would possibly consider retirement in the future, but was not sure yet.

20. Defendant immediately began to panic after hearing this and began questioning Plaintiff.

21. Plaintiff replied, reiterating that he was not going anywhere, he was not sure if and when he would be retiring, and if and when Plaintiff did make that decision, he would work until a replacement was found.

22. After the aforementioned meeting, it became clear to Plaintiff that Defendant was trying to terminate Plaintiff's employment.

23. By way of example, Plaintiff would receive constant phone calls and emails from Defendant who wanted Plaintiff to demote himself by taking a lower position, relocate, and take a pay decrease.

24. Notably, this occurred solely after Plaintiff's conversation with Defendant in which he informed Defendant of his age.

25. On or about October 5, 2025, Plaintiff sustained an injury at work.

26. On or about October 6, 2025, Plaintiff was removed from work.

27. At all material times, Plaintiff informed Defendant of his injury.

28. Plaintiff filed for Workers' Compensation.

29. Plaintiff treated with a doctor.

30. Per Plaintiff's doctor's orders, he was placed out of work due to having workplace restrictions.

31. The aforementioned and restrictions in connection thereto constitute a disability within the meaning of the ADA and PHRA in that it substantially impaired one or more of Plaintiff's major life activities.

32. Plaintiff's request for time off of work per his doctor constituted a request for reasonable accommodation within the meaning of the ADA and PHRA.

33. Approximately two (2) days after Plaintiff's injury, Defendant posted Plaintiff's job position online.

34. Plaintiff knows that Defendant posted his position online because he specifically received a LinkedIn notification for the same.

35. Shortly thereafter, Defendant brought in another employee, Brady McClure ("Mr. McClure") to replace Plaintiff.

36. Mr. McClure is approximately twenty-two (22) years younger than Plaintiff.

37. Shortly thereafter, on or about November 3, 2025, while Plaintiff was still out of work per his doctor's orders, Defendant suddenly terminated his employment.

38. Upon information and belief, Mr. McClure remains in Plaintiff's position to date.

39. In light of the foregoing, Plaintiff believes and therefore avers that Defendant discriminated against and terminated Plaintiff's employment because of his age, disability, actual and/or perceived disability, past record of impairment, and/or in retaliation for Plaintiff's request for reasonable accommodation in connection thereto.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION and RETALIATION**

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. Pursuant to the ADA, Plaintiff was a qualified individual for his position.

42. Defendant had notice of Plaintiff's workplace injury, which constituted a disability under the ADA.

43. Defendant terminated Plaintiff's employment because of his disability, actual and/or perceived disability, past record of impairment, and/or in retaliation for Plaintiff's request for reasonable accommodation.

44. Defendant, through its agents, officers, servants and/or employees, violated the ADA by discriminating against Plaintiff by terminating his employment.

45. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

C. Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 PA. C.S.A. § 951, *et seq.***
**DISCRIMINATION and RETALIATION**

46. Paragraphs 1 through 45 are hereby incorporated by reference as though the same were more fully set forth at length herein.

47. At all times relevant hereto, Plaintiff was an employee within the meaning of the PHRA.

48. Pursuant to the PHRA, Plaintiff was a qualified individual for his position.

49. Defendant had notice of Plaintiff's workplace injury, which constituted a disability under the ADA.

50. Defendant terminated Plaintiff's employment because of his disability, actual and/or perceived disability, past record of impairment, and/or in retaliation for Plaintiff's request for reasonable accommodation.

51. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

52. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

53. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

54. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**COUNT III**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621, *et seq.***
**DISCRIMINATION**

55. Paragraphs 1 through 54 are hereby incorporated by reference, as though the same were fully set forth at length herein.

56. Defendant violated the ADEA in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination.

57. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

58. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

59. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty-thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *_/s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esquire
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: September 17, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.